**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-cr-00212-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. **JOSEPH EUGENE CLEMENTS**, and
2. WILLIAM BLAKE PLSEK,

        Defendants.

---

**DEFENDANT JOSEPH EUGENE CLEMENTS' UNOPPOSED MOTION
FOR EXCLUSION OF TIME FROM THE SPEEDY TRIAL ACT REQUESTING
NINETY (90) DAYS BE EXCLUDED**

---

Defendant, Joseph Clements, by and through his counsel, Lisa A. Polansky and Hillary C. Aizenman, Attorneys at Polansky Law Firm, PLLC, hereby moves this Honorable Court for an Order excluding ninety (90) days from the Speedy Trial computation, to set new motion and response filing deadlines, and to reschedule the Final Trial Preparation Conference and Jury Trial dates.  As grounds for this unopposed motion, Mr. Clements, by and through his counsel, submits the following:

This case originated from a filing of a Complaint against Mr. Clements on June 17, 2022 (ECF Doc. #1), and an arrest warrant was issued the same date (ECF Doc. #2).

On June 23, 2022, Mr. Clements was indicted herein, as set forth in ECF Doc. # 3, on Count 1: distribute and possess with the intent to distribute N,N-Dimethyltryptamine ("DMT"), in violation of 21 U.S.C. § 841(a)(1); (b)(1)(C); Count 2: manufacture DMT, in violation of 21 U.S.C. § 841(a)(1); (b)(1)(C); Count 3: distribute and possess with the

intent to distribute DMT, in violation of 21 U.S.C. § 841(a)(1); (b)(1)(C); Count 4: distribution of DMT, in violation of 21 U.S.C. § 841(a)(1); (b)(1)(C); Count 5: laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (ECF Doc. #3).

On June 29, 2022, Mr. Clements was arrested on the arrest warrant. (ECF Doc. #20).

On July 5, 2022, Attorneys Lisa A. Polansky and Hillary C. Aizenman, of Polansky Law Firm, PLLC entered their appearances on behalf of Mr. Clements. (ECF Doc. #13; ECF Doc. #14).

Mr. Clements had his Arraignment, Discovery and Detention Hearing on July 6, 2022. (ECF Doc. #21).

Pursuant to Speedy Trial Act, Mr. Clements has a right to a jury trial within seventy (70) days of his Arraignment, which would be September 7, 2022.

On July 8, 2022, the Court set a Pretrial Motions deadline for July 25, 2022, a deadline for Government Responses for August 5, 2022, a Final Trial Preparation Conference for August 10, 2022, at 3:00 p.m. and a five-day Jury Trial for August 22, 2022.

Defense counsel have not yet received any discovery in this case. Discovery is forthcoming and the Government avers it will be provided on July 26, 2022. Defense counsel anticipates discovery will be voluminous as the charges herein are serious and the nature of the case is complex.

With the dates as set, undersigned will have to file motions prior to even receiving the discovery in this case, which is not at all feasible.

The undersigned has communicated with the Government regarding this request.

AUSA Andrea Surratt has no objection to an "Ends of Justice" continuance in this matter.

## LEGAL AUTHORITY AND SPECIFIC REQUEST FOR AN ADDITIONAL 90 DAY EXCLUSION FROM THE SPEEDY TRIAL ACT

18 U.S.C. § 3161(h)(7)(A) authorizes this Court to exclude from the time limitations outlined in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B)(I) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."

An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Mr. Clements submits that this case meets these criteria and respectfully requests that the Court exclude ninety (90) days from the Speedy Trial calculations.

In *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007), the Circuit observed that although "the trial court must make explicit findings regarding why granting the continuance will strike a proper balance between the ends of justice and the best interest of the public and the defendant in a speedy trial," it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." (internal citations omitted) (quoting *United States v. Lattany*, 982 F.2d 866, 879 (3d Cir.1992)).

In *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir 1987), the Circuit outlined certain factors to consider when weighing whether a denial of a continuance

3

is arbitrary or unreasonable. These factors include the: (1) diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

The need for the continuance is great. Without such a continuance, counsel for Mr. Clements would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Defense counsel cannot, within the current speedy trial period, properly review currently disclosed and forthcoming discovery; research, investigate, and file pre-trial motions; investigate and compile mitigation; and engage in thorough and meaningful plea negotiations.

Should this Court deny the request for a continuance, the resulting harm would be great; it would deprive Mr. Clements of his right to adequate and competent counsel. Without the requested continuance, defense counsel will be unable to thoroughly prepare a defense in this case and be able to provide the effective assistance of counsel guaranteed to Mr. Clements.

Under the factors set forth in *West*, *supra*, as well as the teachings of *Williams*, *supra*, *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009), and *United States v. Medrano*, 356 F. App'x 102, 105-06 (10th Cir. 2009), even exercising due diligence, Defense counsel could not be prepared for trial within the current time constraints of the Speedy Trial Act.

Undersigned counsel cannot, within the current speedy trial period, properly review discovery, litigate, and engage in plea negotiations. The harm that would result from this Court's denial of the request for a continuance would be great, as it would deprive Mr. Clements of his right to adequate and competent counsel. Without the requested continuance, undersigned counsel will be unable to thoroughly prepare a defense in this case and counsel will not be able to provide the constitutionally mandated effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United State Constitution.

As a result, Mr. Clements, by and through his counsel, respectfully requests that the Court vacate all current court dates and exclude ninety (90) days from the Speedy Trial period, set a deadline for August 26, 2022, one month after receipt of discovery for the filing of pretrial motions and set a trial date in the month of November or early December 2022.

Dated: July 13, 2022.                    Respectfully Submitted,

s/Lisa A. Polansky
Lisa A. Polansky, Attorney
Polansky Law Firm, PLLC
4999 Pearl East Circle, Suite 201
Boulder, Colorado 80301
Phone: (303) 415-2583
Email: lisa@polanskylawfirm.com


s/ Hillary C. Aizenman
Hillary C. Aizenman, Attorney
Polansky Law Firm, PLLC
4999 Pearl East Circle, Suite 201
Boulder, Colorado 80301
Phone: (303) 415-2583
Email: hillary@polanskylawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on July 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all other counsel of record.

<u>s/Lisa A. Polansky</u>